

# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

PHILLIP DAVID OLMSTEAD
   PLAINTIFF,

V.                                  CASE No. _____

FENTRESS COUNTY, TN, et
NURSE TONY (LNU)
SHERIFF CHUCKY CRAVENS
ADMINISTRATOR CANDY NORMAN
C/O SUE (LNU)
C/O GINGER GOODPASTOR
C/O JOHN DOE 1
C/O JOHN DOE 2
C/O JOHN DOE 3
C/O JOHN DOE 4

## VERIFIED COMPLAINT

### INTRODUCTION

This is a civil right action, pursuant to 42 U.S.C. § 1983, filed by Plaintiff Phillip David Olmstead, alleging deliberate indifference to a serious medical need. Plaintiff seeks compensatory and punitive damages.

### JURISDICTION

This Court has Jurisdiction over the plaintiff's claims of violation of federal constitutional rights under 42 U.S.C. §§ 1331 and 1343



[DESCRIPTION OF PROBLEM]

## PARTIES

1. Plaintiff Phillip David Olmstead at all times relevant was confined at the Fentress County Justice Center ("FCJC").
2. Defendant FENTRESS COUNTY, TN is the municiple authority responsible for administering FCJC and promulgating policies regarding provision of medical care and services to inmates confined there, including Plaintiff.
3. Defendant TONY (L/N/U) at all relevant times was a nurse at FCJC.
4. Defendant Chucky Cravens at all relevant times was the elected sheriff of Fentress County.
5. Defendant Candy Norman at all relevant times was the jail administrator at FCJC employed by Fentress County.
6. Defendants Sue (L/N/U), Ginger Goodpastor, John Doe 1, John Doe 2, John Doe 3, and John Doe 4 were at all times relevant were correctional officers ("C/O") at FCJC employed by Fentress County.
7. Defendants Nurse Tony, Chucky Cravens, Candy Norman, C/O Sue, C/O Goodpastor, John Doe 1, John Doe 2, John Doe 3 and John Doe 4 at all relevant times were acting under color of State law and are being sued in their individual capacities.

## FACTUAL ALLEGATIONS

8. Plaintiff was arrested and taken to FCJC in or about April 2015.

9. Plaintiff informed booking officers he has a diagnosis of hypertension, for which he takes Lesinapril 20mg 2x daily and Clonadine .1mg (as needed).

10. Defendant Nurse Tony examined plaintiff the next day and advised he would check on his prescriptions.



11. Plaintiff had been in the custody of Fentress County previously and received both Lesinopril and Clonadine.

12. Plaintiff did not receive any blood pressure medicine for several weeks.

13. Plaintiff signed up for sick call approximately two weeks after booking because he was having headaches and mild dizzyness from elevated blood presure.

14. Defendant Nurse Tony stated that he could not verify Plaintiff prescriptions, but would start him on Clonadine (only).

15. Plaintiff still did not receive blood pressure meds, so signed up again for sick call on or about June 18, 2015.

16. Plaintiff thereafter received a daily dose of Clonadine, 1mg; he still did not receive his prescribed Lesinopril.

17. Clonadine is a fast-acting medicine fo emergency use; it is not intended for daily use.

18. Plaintiff woke up at 5:00 am on or about June 25, 2015 with elevated blood pressure. His symptoms included a severe headache, blurred vision, dizzyness, and trouble standing.

19. Plaintiff advised Defendants John Doe 1 and John Doe 2 that he needed medical attention.

20. Defendants John Doe 1 and John Doe 2 told that they were about to serve breakfast and didn't have time to contact medical personnel.

21. At aproximately 8:00 am, Phillip David Olmstead pressed the call button on the intercom and advised defendant John Doe 3 that he needed medical attention.



22. Defendant John Doe 3 responded that he would "let them know"

23. Plaintiff continued to suffer without medical care

24. At approximately 10:00 am, Phillip David Olmstead started to loose his vision and could barely walk.

25. Ronald Lewis Whited, a fellow inmate, pushed the intercom button to get help for the plaintiff Whited pushed the button repeatedly and kicked the door to get medical attention for plaintiff

26. Whited advised Defendant John Doe 3 that Plaintiffs condition was getting worse and that he needed medical treatment urgently

27. Defendant John Doe 3 again responded that he would "let them know"

28. At aprox. 11:30 am, Defendants John Doe 4 and C/O Sue came around to serve lunch and Plaintiff told them his blood pressure was very high and symptoms were much worse.

29. Defendant John Doe 4 and Sue responded that plaintiff should turn in a sick call form because Defendant Nurse Tony would be at FCJC at around 3:00pm

30. Plaintiff filled out the form as they suggested

31. At approximately 3:20 p.m., Plaintiff saw Defendant Ginger Goodpastor walking by and advised her of his symptoms and again asked for medical care.

32. At approximately 3:45pm, Plaintiff again pushed the intercom button and asked for medical care



33. Defendant John Doe 3 said that Defendant Tony had come and had already left; Plaintiff then asked to speak with Defendant Candy Norman

34. Plaintiff told Defendant Norman that his symptoms were severe and requested urgent medical help

35. Defendant Candy Norman contacted Defendant Sheriff Chucky Cravens. Cravens, who has no medical training responded that Plaintiff would be fine and that he should stop bothering his C/Os.

36. By 6:00 pm Plaintiff's vision was completely gone and he could not walk

37. Lewis Whited again started kicking the door and pressing the button to get help for Plaintiff

38. An unknown C/O finally checked Plaintiff's blood pressure, which was 250/180.

39. Plaintiff was transported to the ER at Jamestown Regional Medical Center where his condition was finally stabalized

40. Plaintiff attempted to file a grievance regarding the denial of medical care. Defendant Candy Norman stated that FCJC was too new and the grievance process was not up and running yet

41. Approximatly a week later, Plaintiff was taken to Eye Centers of Tennessee for follow up care for his eyes.

42. After Plaintiff was released, he returned to Eye Centers for more follow up care.



43. At the time of his release, Plaintiff had regained full use of his left eye, but only 10% use of his right eye

44. Eye Centers of TN ran a number of test on Plaintiff, to include x-rays, ultrasound, MRI, and others

45. On or about October 20, 2015, Plaintiff met with a surgeon refered from Eye Centers of TN and was told he had irreversable nerve damage and that his vision in his right eye would only get worse untill he is 100% blind in that eye

46. This nerve damage was caused by the delay in treating Plaintiff's high blood preasure

## CLAIMS FOR RELIEF

47. Plaintiff suffers from Hypertension, which is a serious medical condition, mandating treatment by a physician.

48. Defendant Fentress County, TN and its sheriff, Defendant Chucky Cravens, have a policy of not providing 24 hour medical staffing in order to save money

49. Defendants refusal to provide urgent medical care to Plaintiff was a foreseeable result of this policy. Had FCJC had sufficient medical staffing, Plaintiff would have been examined hours sooner and the nerve damage could have been prevented.

50. Defendants Nurse Tony, Sheriff Cravens, Admin. Norman, C/O Sue, C/O Goodpastor, John Doe 1, John Doe 2, John Doe 3, and John Doe 4 each knew of a serious risk to Plaintiff's health and failed to take steps to ensure that Plaintiff recieved the needed treatment, constituting deliberate indifference to Plaintiff's serious medical needs.



51. As a result of Defendants failure to provide prompt medical care Plaintiff has suffered a permanent physical injury and emotional pain and injury.

52. Defendants violated Plaintiff's Eighth Amendment Rights.

RELIEF REQUESTED

WHEREFORE, Plaintiff requests that this Court grant the following relief:

A. Declare that Defendants violated Plaintiff's Eighth Amendment Rights to medical care;

B. Award compensatory damages for Plaintiff's physical and emotional injuries, and punitive damages aginst each defendant; and

C. Grant Plaintiff such other relief as it may appear Plaintiffs is entitled to.

VERIFICATION

Pursuant to 28 U.S.C § 1746, I declare under penalty of perjury that the foregoing is true and correct. This complaint is being given to prison officials for mailing on the 20th day of June, 2016.

Phillip David Olmstead
Phillip David Olmstead #350838
BCCX site 2
1045 Horsehead Rd
Pikeville TN, 37367