UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

PHILLIP DAVID OLMSTEAD            ]
    Plaintiff,                 ]
                                  ]
v.                                ]   No. 2:16-0046
                                  ]   Chief Judge Sharp
FENTRESS COUNTY, TENNESSEE,       ]
et al.                            ]
    Defendants.                ]

## MEMORANDUM AND ORDER

The Court is in receipt of a *pro se* prisoner complaint (Docket Entry No. 1) brought pursuant to 42 U.S.C. § 1983, and an application to proceed in forma pauperis (Docket Entry Nos. 2 and 3).

The plaintiff is an inmate at the Bledsoe County Correctional Complex in Pikeville, Tennessee. It appears from his application that he lacks sufficient financial resources from which to pay the fee required to file the complaint. Accordingly, the plaintiff's application to proceed in forma pauperis is GRANTED. 28 U.S.C. § 1915(a).

The plaintiff is herewith ASSESSED the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

    (a)    twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; **or**

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

In April, 2015, the plaintiff was arrested and taken to the Fentress County Justice Center (FCJC) in Jamestown, Tennessee. During booking, he informed an officer that he was taking the prescription drugs Lisinopril and Clonidine for hypertension.

The day after his arrest, a nurse examined the plaintiff. He was not issued medication for his condition. As a result, plaintiff's blood pressure rose, causing him headaches and mild dizziness. The plaintiff was subsequently examined again and was started on Clonidine but was not given Lisinopril. On June 25, 2015, the plaintiff woke up with a severe headache, blurred vision and dizziness. All day he explained to staff members that he needed medical attention but his pleas were ignored and no medical care was forthcoming. Eventually, the plaintiff lost his vision and he could not walk. His blood pressure was then checked and was found to be too high. He was transported to the Jamestown Regional Medical Center where he remained until his condition was stabilized. The plaintiff was returned to FCJC and, a week later, he was taken to see an eye specialist. The specialist determined that the plaintiff had suffered irreversible damage to his right eye and may eventually face blindness.

The plaintiff brings this action against Fentress County; its Sheriff, Charles Cravens; Candy Norman, Administrator of FCJC; and seven members of the FCJC staff, alleging that the defendants were aware of his condition but would not help him because the Sheriff and the county have a policy of not providing 24 hour medical care in order to save money.

The Eighth Amendment guarantees a prisoner the right to medical care. This right has been violated when jail officials are deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). Because deliberate indifference by each of the defendants could be inferred from the plaintiff's allegations, the Court finds that the plaintiff has stated colorable claims for relief. 28 U.S.C. § 1915A.

The Clerk is instructed to send the plaintiff a service packet (a blank summons and USM 285 form) for each defendant named in the complaint. The plaintiff will complete the service packets and return them to the Clerk's Office within twenty one (21) days of the date of receipt of this order. Upon return of the service packets, PROCESS SHALL ISSUE to the defendants. The plaintiff is forewarned that the failure to return the completed service packets within the time required could jeopardize his prosecution of this action. He is also forewarned that his prosecution of this action will be jeopardized should he fail to keep the Clerk's Office informed of his current address.

This action is REFERRED to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b), Fed.R.Civ.P., and the Local Rules of Court.

The Clerk is further directed to send a copy of this order to the Warden of the Bledsoe

County Correctional Complex to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

It is so ORDERED.

_____
Kevin H. Sharp
Chief District Judge