

Exhibit A

RECEIVED IN CLERK'S OFFICE OCT 11 2016 U.S. DISTRICT COURT MID. DIST. TENN.

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

PHILLIP DAVID OLMSTEAD
   Plaintiff,

V.

FENTRESS COUNTY, TN
SHERIFF CHARLES CRAVENS
ADMINISTRATOR CAUDY PRICE
C/O NICOLE YORK
C/O JOSH DENSMORE
C/O TAMMY KING
C/O LANCE MAYNARD
C/O CHRIS MARTIN
C/O GARY STOCKTON
NURSE ANTHONY MARTIN
SOUTHERN HEALTH PARTNERS INC.

No. 2:16-cv-00046
Chief Judge Sharp

## AMENDED VERIFIED COMPLAINT

### INTRODUCTION

This is a civil right action pursuant to 42 U.S.C. § 1983, filed by Plaintiff Phillip David Olmstead, alleging deliberate indifference to a serious medical need. Plaintiff seeks compensatory and punitive damages.

### JURISDICTION

This Court has Jurisdiction over the Plaintiff's claims of violation of federal constitutional rights under 42 U.S.C. §§ 1331 and 1343



## PARTIES

1. Plaintiff Phillip David Olmstead at all times relevant was confined at the Fentress County Jail ("FCJC").
2. Defendant Fentress County, TN is the municiple authority responsible for administering FCJC and promulgating policies regarding provision of medical care and services to inmates confined there, including Plaintiff.
3. Defendant Anthony Martin at all relevant times was a Nurse at FCJC.
4. Defendant Charles Cravens at all relevant times was the elected Sheriff of Fentress County.
5. Defendant Candy Price at all relevant times was the Jail administrator at FCJC employed by Fentress County.
6. Defendants Nicole York, Josh Densmore, Tammy King, Lance Maynard, Chris Martin and Gary Stockton were at all times relevant were correctional officers ("C/O") at FCJC employed by Fentress County.
7. Defendants Southern Health Partners Inc. ("SHP"), Charles Cravens, Anthony Martin, Candy Price, Nicole York, Josh Densmore, Tammy King, Lance Maynard, Chris Martin, and Gary Stockton at all relevant times were acting under color of state law and are being sued in there individual capacities.
8. Southern Health Partners Inc. is contracted by Defendant Fentress County to provide all medical, dental, and mental health services to inmates at FCJC.

## FACTUAL ALLEGATIONS

9. Plaintiff was arrested and taken to FCJC on June 18 2015
10. Plaintiff informed booking officers he has a diagnosis of hypertension for which he takes Lesinapril 20mg 2x daily and clonadine .1mg (as needed)




11. Defendant Anthony Martin examined Plaintiff the next day and advised Plaintiff he would check on his prescriptions.

12. Plaintiff had been in the custody of Fentress County Jail previously and received both Lesinopril and Clonadine.

13. Plaintiff did not receive any blood pressure medicine for several weeks.

14. Plaintiff signed up for sick call approximately two weeks after booking because he was having headaches and mild dizyness from elevated blood presure.

15. Defendant Anthony Martin stated that he could not verify Plaintiff's prescriptions, but would start him on Clonadine (only).

16. Plaintiff still did not receive blood presure meds so signed up for sick call again on or about July 18, 2015.

17. Plaintiff thereafter received a daily dose of Clonadine, 1mg; he still did not recieve his prescribed Lesinopril.

18. Clonadine is a fast-acting medicine for emergency use; it is not intended for daily use.

19. Plaintiff woke up around 5:00 am on July 20, 2015 with elevated blood pressure. His symptoms included a severe headache, blured vision, dizyness, and trouble standing.

20. Plaintiff advised defendants York and Densmore that he needed medical attention.

21. Defendants York and Densmore told Plaintiff that they were about to serve breakfast and didn't have time to contact medical personel.



~~DESCRIPTION OF PROBLEM:~~

22. At aproximately 8:00 am, Plaintiff pressed the call button on the intercom and advised defendant King that he needed medical attention.

23. Defendant King responded that she would "let them know".

24. At 8:41 am Defendants Stockton and King checked Plaintiff's blood pressure which was 180/100 and Plaintiff continued to suffer without medical care

25. At approximatelly 10:00 am Phillip David Olmstead started to loose his vision and could barely walk.

26. Ronald Lewis Whited, a fellow inmate, pushed the intercom button to get help for the Plaintiff. Whited pushed the button repeatedly and kicked the door to get medical attention for Plaintiff

27. Whited advised Defendant Stockton that Plaintiff's condition was getting worse and that he needed medical treatment urgently

28. Defendant Stockton responded he would "let them know".

29. At aprox. 11:30 am Defendants King and Maynard came around to serve lunch and Plaintiff told them his blood pressure was very high and symptoms were much worse.

30. Defendants King and Maynard responded that Plaintiff should turn in a sick call form because Defendant Anthony Martin would be at FCJC at around 3:00 pm

31. Plaintiff filled out the form as they suggested



32. At approx. 3:20 pm, Plaintiff saw Defendant Chris Martin walking by and advised him of his symptoms and again asked for medical care.

33. At approx. 3:45 pm Plaintiff again pushed the intercom button and asked for medical care.

34. Defendant Maynard said that Defendant Anthony Martin had came but already left; Plaintiff then asked to speak with Defendant Price.

35. Plaintiff told Defendant Price that his symptoms were severe and requested urgent medical care.

36. Defendant Price contacted Defendant Cravens who has no medical training responded that Plaintiff would be fine and that he should stop bothering his c/o's.

37. By 5:00 pm Plaintiff's vision was completely gone and could barely walk.

38. Lewis Whited again started kicking the door and pressing the button to get help for the Plaintiff.

39. At 5:15 pm Defendant Tammy King finally checked Plaintiff's blood pressure which was 240/190.

40. Plaintiff was transported to the ER at Jamestown Regional Medical Center where his condition was finally stabalized

41. Plaintiff attempted to file a grievance regarding the denial of medical care. Defendant Price stated that FCSC was too new and the grievance process was not up and running yet.




42. Aprox. 3 weeks later Plaintiff was taken to Eye Centers of Tennessee for follow up care for his eyes.

43. After Plaintiff was released, he returned to Eye Centers for more follow up care.

44. At the time of his release, Plaintiff had regained full use of his left eye, but only 10% of his right eye.

45. Eye Centers of Tennessee ran a number of test on Plaintiff, to include x-rays, ultra sound, MRI and others.

46. On or about Oct. 20, 2015 Plaintiff met with a surgeon refered by Eye Centers of Tennessee and was told he had irreversable nerve damage and that the vision in his right eye would only get worse until he is 100% blind in that eye.

47. This nerve damage was caused by the delay in treating Plaintiff's high blood presure.

## CLAIMS FOR RELIEF

48. Plaintiff suffers from Hypertension, which is a serious medical condition, mandating treatment by a physician.

49. Defendants Fentress County TN, Defendant Cravens, and Defendant SHP have a policy of not providing 24 hour medical staffing in order to save money.

50. Defendants refusal to provide urgent medical care to Plaintiff was a foreseeable result of this policy. Had FCJC had sufficient medical staffing Plaintiff would have been examined hours sooner and the nerve damage could have been prevented.



~~TENNESSEE DEPARTMENT OF CORRECTION~~
~~INMATE GRIEVANCE (continuation sheet)~~

DESCRIPTION OF PROBLEM:

51. Defendants Cravens, Price, York, Densmore, King, Maynard, Chris Martin, Stockton, and Anthony Martin each new of a serious risk to Plaintiff's health and failed to take steps to ensure that Plaintiff recieved the needed treatment, constituting deliberate indifference to Plaintiff's serious medical needs.

52. As a result of Defendants failure to provide prompt medical care Plaintiff has suffered a permanent physical injury and emotional pain and injury.

53. Defendants violated Plaintiff's Eigth Amendment Rights.

RELIEF REQUESTED

WHEREFORE, Plaintiff request that this court grant the following relief.

A. Declare that Defendants violated Plaintiff's Eigth Amendment Rights to medical care;

B. Award compensatory damages for Plaintiff's physical and emotional injuries, and punitive damages aginst each defendant; and

C. Grant Plaintiff such other relief as it may appear plaintiff is entitled to.

VERIFICATION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of purjury that the foregoing is true and correct. This amended complaint is being given to prison officals for mailing on the 6th day of October, 2016.

 

TENNESSEE DEPARTMENT OF CORRECTION
INMATE GRIEVANCE (continuation sheet)

DESCRIPTION OF PROBLEM:

*Phillip D. Olmstead*

PHILLIP DAVID OLMSTEAD #350838
BCCX Site 2
1045 Horsehead Rd.
Pikeville TN, 37367