IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| PHILLIP DAVID OLMSTEAD, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. |
| | ) | 2:16-cv-00046 |
| v. | ) | |
| | ) | JUDGE WAVERLY D. CRENSHAW, JR. |
| FENTRESS COUNTY, TN, et al., | ) | |
| | ) | |
| Defendants. | ) | MAGISTRATE JUDGE NEWBERN |

**JOINT STATEMENT OF IDENTIFIED ISSUES
TO BE DISCUSSED AT CASE MANAGEMENT CONFERENCE**

Come now the parties in the above-referenced case, as directed by the Court, and submit that the following issues should be discussed at the case management conference on May 31, 2018:

**A.    BRIEF OVERVIEW OF CASE:**

This is a 42 U.S.C. § 1983 proceeding is which Plaintiff alleges that the Defendants were deliberately indifferent to his serious medical needs by failing to provide him with prescribed medications for hypertension during his incarceration at the Fentress County Justice Center, and ignoring his repeated requests for medical attention when his blood pressure became elevated.  He claims that his vison was permanently impaired as a result of the alleged indifference, and requests compensatory and punitive damages for physical and emotional injuries.

Defendants dispute both liability and damages.  They deny Plaintiff's allegations that they were deliberately indifferent, deny that any action or inaction on their part caused Plaintiff any claimed injuries, assert affirmative defenses to Plaintiff's claims, and deny that Plaintiff is entitled to his requested relief.

Since the case was filed, the parties have exchanged written discovery requests and responses.

On February 7, 2018, George T. Underwood, Jr. entered an appearance as counsel for Plaintiff.

B.     **ISSUES TO BE DISCUSSED AT CASE MANAGEMENT CONFERENCE:**

    1.     **Scheduling** – The parties will submit an agreed proposed scheduling order on or before June 16, 2018.

    2.     **Discovery** – Counsel will submit discovery deadlines with the proposed scheduling order.

    3.     **Electronic Discovery** - The parties anticipate reaching an agreement on how to conduct electronic discovery. Administrative Order No. 174 therefore need not apply to this case. However, in the absence of an agreement, the default standards of Administrative Order No. 174 will apply. At this time, the parties do not anticipate the need for electronic discovery.

    4.     **Requests to Seal Documents or Portions of Document**s - Any party requesting that documents or portions of documents be sealed, including without limitation for use as exhibits at trial, must file a motion to seal in accordance with Section 5.07 of Administrative Order No. 167 (Administrative Practices and Procedures for Electronic Case Filing) and Local Rule 7.01, which demonstrates compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons. The motion to seal, even if unopposed, must specifically analyze in detail, document by document, the propriety of secrecy, providing factual support and legal citations. Generally, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence is typically enough to overcome the presumption of public access. Failure to comply with these procedures or to provide sufficiently compelling reasons may result in denial of the request to seal documents or portions of documents. Protective orders should not provide that documents produced in discovery and designated as "confidential" will be automatically sealed upon filing or if used

at trial. Any such language in proposed protective orders will be stricken and may result in denial of the motion for entry of the proposed protective order.

5. **HIPAA Order** – Pursuant to the Health Insurance Portability and Accountability Act of 1996, § 262(a), 42 U.S.C.A. § 1320d–2 (HIPAA); 45 C.F.R. § 164.512(e)(1)(iv, v), the parties agree that the Court issue a qualified protective order allowing all Counsel to obtain records from Plaintiff's treating healthcare providers.

Defendants request the HIPAA Protective Order permit counsel to conduct *ex parte* conferences with treating healthcare providers. Plaintiff opposes that request.

6. **Trial Setting** – The parties respectfully request a trial date no earlier than March 1, 2019.

Respectfully submitted,

/s/ Daniel F. Beasley
Daniel F. Beasley, BPR # 19915
**LANIER FORD SHAVER & PAYNE P.C.**
Post Office Box 2087
Huntsville, Alabama 35804
Phone: 256-535-1100
dfb@LanierFord.com
*Counsel for Anthony Martin and Southern Health Partners, Inc.*

/s/Robyn Beale Williams
Robyn Beale Williams, BPR #19736
**FARRAR & BATES, LLP**
211 Seventh Avenue North, Suite 500
Nashville, Tennessee 37219
Phone: 615-254-3060
robyn.williams@farrar-bates.com
*Counsel for Fentress County, Chucky Cravens, Candy Norman Price, Gary Stockton, Chris Martin, and Josh Densmore*

/s/George T. Underwood, Jr.
George T. Underwood, Jr.
**UNDERWOOD LAW OFFICE, P.C.**
9401 Executive Park Drive; Suite 216
Knoxville, Tennessee 37923
Phone: 865-247-5547
george@underwoodjustice.com
underwoodg@frontiernet.net
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 30th day of May, 2018, a true and correct copy of the foregoing was sent via electronic filing to:

Shira Adler Crittendon
1100 Peachtree Street, NE ; Suite 800
Atlanta, GA 30309
shira.crittendon@southernhealthpartners.com
*Counsel for Southern Health Partners, Inc.*

John F. Floyd, Esq.
**Floyd Law Group, PLC**
4235 Hillsboro Pike; Suite 300
Nashville, TN 37215
Phone: 615-369-3300
johnfloyd@flgplc.com
*Counsel for Corizon*


       */s/ Daniel F. Beasley*
       Of Counsel