IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| PHILLIP DAVID OLMSTEAD, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. |
| | ) | 2:16-cv-00046 |
| v. | ) | |
| | ) | JUDGE WAVERLY D. CRENSHAW, |
| FENTRESS COUNTY, TN, et al., | ) | JR. |
| | ) | |
| Defendants. | ) | MAGISTRATE JUDGE NEWBURN |

**MOTION FOR HIPAA PROTECTIVE ORDER**

Comes now Defendant Southern Health Partners, Inc., and moves the Court to enter a Qualified Protective Order which complies with HIPAA Privacy Rules, 45 C.F.R. § 164.512(3), and allows the parties to obtain from any health care provider, health plan, or other entity covered by the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) ("HIPAA"), any and all information relating to medical treatment provided to Plaintiff for injuries allegedly incurred in the incident made the basis of this lawsuit, and to confer with such medical providers ex parte concerning such treatment.

This motion is based on the following grounds:

1. Plaintiff alleges in this lawsuit that he suffered retinal damage as a result of the alleged acts and omissions of Defendant.

2. After the alleged incident made the basis of this lawsuit, Plaintiff was provided medical treatment by Dr. R. Keith Shuler, M.D., a retinal specialist.

3. The treatment provided to Plaintiff by Dr. Shuler is central to the issues in this lawsuit. Defendant needs to obtain the records of Dr. Shuler, and to communicate with Dr. Shuler in order to properly defend itself from the allegations made against it by Plaintiff.

4. The exceptions to HIPAA's privacy rules allow defense counsel to obtain medical records and to confer *ex parte* with Plaintiff's treating physicians after first securing

a qualified protective order consistent with HIPAA regulations. 45 C.F.R. §§ 164.512(e)(1)(iv) & (v).

5. In federal question cases, district courts in the Sixth Circuit routinely allow ex parte interviews with health care providers, so long as HIPAA requirements are satisfied before the interviews are conducted. See, Wade v. Vabnick-Wener, 922 F.Supp.2d 679 (W.D. Tenn., 2010)(" [T]he exceptions to HIPAA's privacy rules allow defense counsel to conduct ex parte interviews with plaintiff's treating physicians after first securing, or attempting to secure, a qualified protective order consistent with the regulations. Bayne, 359 F.Supp.2d at 242; Croskey, 2005 WL 4704767, at *4, 2005 U.S. Dist. LEXIS 43442, at *10–11; 45 C.F.R. §§ 164.512(e)(1)(iv) & (v)). See also, e.g., Petties v. Copeland, 2016 WL 7010499 at *1 (E.D. Mich. 2016) ("Although the HIPAA regulations do not explicitly mention the ex parte interview, federal law in this circuit permits this form of discovery. . . . Even though Defendants' proposed [qualified protect order] meets the minimum requirements for issuance, 'qualified protective orders for *ex parte* interviews do not issue automatically, and HIPAA does not require a court to issue them. If a plaintiff shows a specific reason for restricting access to her or his treating physicians, such as sensitive medical history irrelevant to the lawsuit, a court may restrict *ex parte* interviews and disclosure of medical records.' . . . Here, K.P. offers no good reason, such as sensitive information in the medical records, why the *ex parte* interview should not be permitted. . . . Although restricting a party to formal discovery may be appropriate sometimes, such a restriction should require justification for costly depositions or other discovery if it is not yet known whether such discovery will be useful. . . . In its discretion, the Court considers the applicability of these general discovery principles as establishing good cause to issue the QPO.") (citation omitted); Kitchen v. Corizon Health, Inc., 2017 WL 5197115 at *3 (W.D. Mich. 2017) ("Plaintiff asks that the Court 'prohibit the Corizon Defendants from having *ex parte* communications with his medical providers'. . . . The Court has 'broad discretion' in regulating discovery. . . . The Court, in its discretion, declines to impose the suggested restriction. The Corizon Defendants are entitled to speak with Corizon's employees and contractors and other medical care providers regarding the care that Plaintiff has received or is receiving."); Davidson v. City of Elizbethtown, 2017 WL 4875278 at *3 (W.D. Ky. 2017) ("In accordance with the HIPAA litigation exception, prior to seeking ex parte disclosure of protected health information from a medical provider, a party must first seek authorization from the trial court. . . . Defendants have done so here; their motion seeks an order of this Court authorizing, but not requiring, [the plaintiffs'] medical providers to produce protected health information in the context of this case. . . . [T]he Court will grant Defendants' motion and enter the qualified protective order. . . ."); Owusu v. Mich. Dept. of Corr. Pain Mgt. Comm., 2017 WL 3913152 at *1 (E.D. Mich. 2017) (noting that "qualified protective orders permitting ex parte communications with health care providers are contemplated by HIPAA and regularly allowed by federal courts").

Wherefore, Defendant requests that the Court enter a Qualified Protective Order which complies with HIPAA Privacy Rules, 45 C.F.R. § 164.512(3), allowing counsel for the parties to

obtain the records of Plaintiff's health care providers who provided medical treatment to Plaintiff after the incident made the basis of this lawsuit, and to confer *ex parte* with same.

                                                      Respectfully submitted,

                                                     */s/ Daniel F. Beasley*
                                                   Daniel F. Beasley, BPR # 19915
                                                   *Counsel for Anthony Martin and*
                                                   *Southern Health Partners, Inc*

**LANIER FORD SHAVER & PAYNE P.C.**
Post Office Box 2087
Huntsville, AL 35804
Phone: 256.535.1100
dbeasley@lanierford.com

## CERTIFICATE OF SERVICE

     I hereby certify that I have filed the foregoing upon with the Clerk of the Court using the CM/ECF system and further certify that those parties of record listed below who are ***not*** registered for electronic filing have been served by mail by depositing a copy of same in the United States mail, first class postage prepaid and properly addressed to them as follows:

     on May 30, 2018.

                                                     */s/ Daniel F. Beasley*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 30th day of May, 2018, a true and correct copy of the foregoing was sent via electronic filing to:

George T. Underwood, Jr.
Underwood Law Office, P.C.
9401 Executive Park Drive, Suite 216
Knoxville, TN 37923
Phone: 865-247-5547
Fax: 865-247-5047
george@underwoodjustice.com
underwoodg@frontiernet.net
*Counsel for Plaintiff*

Shira Adler Crittendon
1100 Peachtree Street, NE Suite 800
Atlanta, GA 30309
shira.crittendon@southernhealthpartners.com
*Counsel for Southern Health Partners, Inc.*

Robyn Beale Williams, BPR #19736
Farrar & Bates, LLP
211 Seventh Avenue North, Suite 500
Nashville, Tennessee 37219
(615) 254-3060
(615) 254-9835 Fax
robyn.williams@farrar-bates.com
*Counsel for Fentress County, Chucky Cravens, Candy Norman Price, Gary Stockton, Chris Martin, and Josh Densmore*

John F. Floyd, Esq.
Floyd Law Group, PLC
4235 Hillsboro Pike Suite 300
Nashville, TN 37215
Phone: 615-369-3300
johnfloyd@flgplc.com
*Counsel for Corizon*

[17-0399/1784764/1]