# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| PHILLIP DAVID OLMSTEAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Docket No.: 2:16-cv-00046 |
| v. ) | |
| ) | |
| FENTRESS COUNTY, TENNESSEE; ) | |
| NURSE ANTHONY MARTIN; CHUCKY ) | Chief Judge Crenshaw/ |
| CRAVENS; ADMINISTRATOR CANDY ) | Magistrate Judge Newbern |
| NORMAN PRICE; CO GARY STOCKTON; ) | |
| CO NICOLE YORK; CO JOSH ) | |
| DENSMORE; CO LANCE MAYNARD; ) | |
| CO CHRIS MARTIN; TAMMY KING, ) | |
| and SOUTHERN HEALTH ) | |
| PARTNERS ) | |
| ) | |
| Defendants. ) | |

## ANSWER TO AMENDED VERIFIED COMPLAINT
## FILED ON BEHALF OF DEFENDANT TAMMY KING

Defendant, Tammy King, in her individual capacity, hereby responds to the Amended Complaint filed against her in the above-captioned cause of action as follows:

### PARTIES

1. This defendant admits the allegations contained within paragraph 1.

2. Paragraph 2 contains only questions of law, not fact, therefore no response is required from this defendant.

3. This defendant admits the allegations contained within paragraph 3.

4. This defendant admits the allegations contained within paragraph 4.

5. This defendant admits the allegations contained within paragraph 5.

6. This defendant admits the allegations contained within paragraph 6.

7. Paragraph 7 contains only questions of law, not fact, therefore no response is required from this defendant.

8. Upon information and belief, this defendant admits the allegations contained within paragraph 8.

## FACTUAL ALLEGATIONS

9. This defendant admits the allegations contained within paragraph 9.

10. This defendant lacks sufficient information or knowledge to admit or deny the allegations contained within paragraph 10.

11. This defendant lacks sufficient information or knowledge to admit or deny the allegations contained within paragraph 11.

12. Upon information and belief, this defendant admits the allegations contained within paragraph 12.

13. This defendant lacks sufficient information or knowledge to admit or deny the allegations contained within paragraph 13.

14. Upon information and belief, this defendant denies the allegations contained within paragraph 14.

15. This defendant lacks sufficient information or knowledge to admit or deny the allegations contained within paragraph 15.

16. Upon information and belief, this defendant denies the allegations contained within paragraph 16.

17. Upon information and belief, this defendant admits that the plaintiff began receiving Clonidine during his incarceration and later received Lisinopril. Any other contrary allegations contained within paragraph 17 are denied.

{FB567633 / LGPC 5533}    2
Case 2:16-cv-00046   Document 194   Filed 06/20/18   Page 2 of 7 PageID #: 1564

18. This defendant lacks sufficient information or knowledge to admit or deny the allegations contained within paragraph 18.

19. This defendant avers that there is record of the plaintiff suffering from elevated blood pressure readings on July 20, 2015. This defendant lacks sufficient information or knowledge as to when the plaintiff would have awoken or his symptoms.

20. This defendant lacks sufficient information or knowledge to admit or deny the allegations contained within paragraph 20.

21. This defendant lacks sufficient information or knowledge to admit or deny the allegations contained within paragraph 21.

22. This defendant currently lacks sufficient information or knowledge to admit or deny whether the plaintiff pressed the intercom in his cell.

23. This defendant denies the allegations contained within paragraph 23.

24. This defendant admits that she and Gary Stock checked Plaintiff's blood pressure and it was 180/100. However, this defendant denies the remaining allegations contained within paragraph 24.

25. This defendant denies the allegations contained within paragraph 25.

26. This defendant lacks sufficient information or knowledge to admit or deny the allegations contained within paragraph 26.

27. This defendant lacks sufficient information or knowledge to admit or deny the allegations contained within paragraph 27.

28. This defendant lacks sufficient information or knowledge to admit or deny the allegations contained within paragraph 28.

29. This defendant lacks sufficient information or knowledge to admit or deny the allegations contained within paragraph 29.

30. This defendant lacks sufficient information or knowledge to admit or deny the allegations contained within paragraph 30.

31. This defendant lacks sufficient information or knowledge to admit or deny the allegations contained within paragraph 31.

32. This defendant lacks sufficient information or knowledge to admit or deny the allegations contained within paragraph 32.

33. This defendant lacks sufficient information or knowledge to admit or deny the allegations contained within paragraph 33.

34. This defendant lacks sufficient information or knowledge to admit or deny the allegations contained within paragraph 34.

35. This defendant lacks sufficient information or knowledge to admit or deny the allegations contained within paragraph 35.

36. This defendant lacks sufficient information or knowledge to admit or deny the allegations contained within paragraph 36.

37. This defendant lacks sufficient information or knowledge to admit or deny the allegations contained within paragraph 37.

38. This defendant lacks sufficient information or knowledge to admit or deny the allegations contained within paragraph 38.

39. This defendant lacks sufficient information or knowledge to admit or deny the allegations contained within paragraph 39.

40. Upon information and belief, this defendant admits the allegation that Plaintiff was transported to the ER at Jamestown Regional Medical Center; however, this defendant lacks sufficient information or knowledge to admit or deny the remaining allegations contained within paragraph 40.

41. This defendant lacks sufficient information or knowledge to admit or deny the allegations contained within paragraph 41.

42. This defendant admits that the plaintiff was taken to the Eye Center of Tennessee on August 5, 2015. Any allegations to the contrary are denied.

43. This defendant lacks sufficient information or knowledge to admit or deny the allegations contained within paragraph 43.

44. This defendant lacks sufficient information or knowledge to admit or deny the allegations contained within paragraph 44.

45. This defendant lacks sufficient information or knowledge to admit or deny the allegations contained within paragraph 45.

46. This defendant lacks sufficient information or knowledge to admit or deny the allegations contained within paragraph 46.

47. To the extent that paragraph 47 alleges that the alleged delay in treatment was that of this defendant, the allegation contained within paragraph 47 is denied.

## CLAIMS FOR RELIEF

48. This defendant lacks sufficient information or knowledge to admit or deny the allegations contained within paragraph 48.

49. This defendant admits that there is no 24 hour medical staff at the Fentress County Jail. All remaining allegations are denied.

50. This defendant denies the allegations contained within paragraph 50.

51. This defendant denies the allegations contained within paragraph 51.

52. This defendant denies the allegations contained within paragraph 52.

53. This defendant denies the allegations contained within paragraph 53.

54. This defendant denies that the plaintiff is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

1. The complaint fails to state a claim against this defendant for which relief can be granted.

2. This defendant requests to be awarded attorney's fees as well as costs and expenses pursuant to the provisions of 42 U.S.C. § 1988 and as otherwise provided by law.

3. This defendant avers that the plaintiff has failed to exhaust his administrative remedies and is, therefore, barred from bringing this action.

4. To the extent that the plaintiff has stated a cause of action under 42 U.S.C. § 1983 against any of the individuals in their individual capacity, she is entitled to qualified immunity for money damages.

5. Defendant requests that one or more of the plaintiff's claims be deemed frivolous for purposes of future filings.

Defendant specifically reserves the right to amend this pleading and plead further based upon the facts that become available during the discovery process.

Having answered the complaint and asserted the affirmative defenses, this defendant prays that the complaint be dismissed with the costs taxed to the plaintiff.

Respectfully submitted,

*/s/Robyn Beale Williams*
Robyn Beale Williams, BPR #19736
**FARRAR & BATES, LLP**
211 Seventh Avenue North, Suite 500
Nashville, Tennessee 37219
(615) 254-3060
(615) 254-9835 Fax
robyn.williams@farrar-bates.com
*Counsel for Fentress County, Chucky Cravens, Candy Norman Price, Gary Stockton, Chris Martin, Josh Densmore, and Tammy King*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 20th day of June, 2018, a true and correct copy of the foregoing was sent via electronic filing to:

| | |
|---|---|
| George T. Underwood, Jr.<br>Underwood Law Office, P.C.<br>9401 Executive Park Drive, Suite 216<br>Knoxville, TN 37923<br>Phone: 865-247-5547<br>Fax: 865-247-5047<br>george@underwoodjustice.com<br>underwoodg@frontiernet.net<br>*Counsel for Plaintiff* | Daniel F. Beasley<br>Karen A. Lynn<br>Lanier Ford Shaver & Payne P.C.<br>P. O. box 2087 [35804]<br>2101 West Clinton Avenue, Suite 102<br>Huntsville, Alabama 38505<br>dfb@lanierford.com<br>kal@lanierford.com<br>*Counsel for Anthony Martin and Southern Health Partners, Inc.* |
| Shira Adler Crittendon<br>1100 Peachtree Street, NE<br>Suite 800<br>Atlanta, GA 30309<br>shira.crittendon@southernhealthpartners.com<br>*Counsel for Anthony Martin and Southern Health Partners, Inc.* | John F. Floyd<br>TODD & FLOYD, PLC<br>3817 Bedford Avenue, Suite 220<br>Nashville, TN 37215<br>johnfloyd@toddfloyd.com<br>*Counsel for Corizon* |

*/s/ Robyn Beale Williams*
Robyn Beale Williams